## SAMUEL McCASH v. JAMES HAUGHEY.

Court of Common Pleas. New Castle. November, 1794.

*Rodney's Notes.*

*Johns* [for plaintiff]. *G. Read, Bayard* [for defendant].

*G. Read* read the declaration. Bond from James Haughey to Samuel McCash for 800 bushels wheat, April 16, 1781, conditioned that [——].[1] Defendants say they have discharged the bond. The bond was given to McCash as guardian to Janet McCay who intermarried with James McCash, plaintiff's brother.

*Johns.* Bond assigned to J. Vance, May 15, 1782.

*G. Read* states that plaintiff signed judgment on the docket improperly, etc. That the rule of Court does not apply. 4 Bac. Abr. 64. General issue in debt is not payment but *non est factum.*

G. Read, sworn, says plaintiff signed judgment. He protested against it. He called on Mr. Johns who took judgment off. Told Mr. Johns he would inform him of the defense in this cause, and they were shown him he believes. Question—did I not agree to take off the judgment conditionally? Yes, on your having notice of special matter in this cause.

Johns, sworn. Mr. Read called on me and said signing the judgment was unfair. He showed Mr. Read the bond. He produced some papers but not the bill of sale. Joseph Vance informed him that Pennington was present when notice was given of the assignment to James Haughey.

Court considered that the special matter should not be given in evidence without notice on the plea of payment.

A juror withdrawn by consent of the parties and this cause is continued.

---

1 Blank in manuscript.